# Supreme Court of Texas

### No. 22-0124

Greg Abbott, in His Official Capacity as Governor of Texas, et al.,

*Petitioners,*

v.

Harris County, et al.,

*Respondents*

On Petition for Review from the
Court of Appeals for the Third District of Texas

JUSTICE LEHRMANN, concurring.

As the Court explains, the question in this case comes down to "who has the final say when the state government disagrees with a local government about how best to strike the balance between respecting the liberties of the People and reducing the spread of a contagious disease." *Ante* at 6. I agree that under the Disaster Act, the "final say" goes to the Governor. And in light of the significant decline of COVID-19 infections and hospitalizations, the Governor has concluded that government

mask mandates, among other restrictions, are no longer warranted.[1] Accordingly, to the extent local government officials disagree, the Governor's order prevails. I write separately to emphasize two points.

First, the Court's rejection of the County's argument that the Disaster Act authorizes the Governor's actions only to the extent they alleviate the threat of the virus is grounded in the statutory text. Unsurprisingly, one of the Act's express purposes is to "reduce vulnerability of people and communities of this state to damage, injury, and loss of life and property resulting from" disasters. TEX. GOV'T CODE § 418.002(1). But another, which the Court recognizes can be in tension with the first, is to "provide a setting conducive to the rapid and orderly restoration and rehabilitation of persons and property affected by disasters." *Id.* § 418.002(3). The Act's other express purposes similarly reference both response to *and* recovery from disasters. *See id.* § 418.002(4), (5), (6), (9). Thus, the Act itself "tasks" the state and local governments and, "ultimately," the Governor "with striking a balance between reduced vulnerability and rapid recovery." *Ante* at 19. In other words, the authority to balance these competing considerations in the

---

[1] As the Court notes, the Legislature recently passed Senate Bill 29, which will take effect September 1, 2023. Act of May 28, 2023, 88th Leg., R.S., ch. 336, § 1, 2023 Tex. Sess. Law Serv. ch. 336 (to be codified at TEX. HEALTH & SAFETY CODE §§ 81B.001–.004). With certain exceptions, the bill prohibits governmental entities from imposing a mandate requiring a person to (1) wear a face covering to prevent the spread of COVID-19 or (2) be vaccinated against COVID-19. It also prohibits governmental entities from mandating closure of a school or private business to prevent the spread of COVID-19. The bill does not address or restrict government action relating to any other disease or disaster.

2

face of a disaster is not plucked from thin air, nor does it reflect a judicial policy preference; rather, it is mandated by the statute's express terms.

Second, the outcome of that balance necessarily shifts depending on the circumstances. Between March 13, 2020—the date the Governor declared a state of disaster for all counties in Texas—and May 10, 2023, over 92,000 Texans died as a result of COVID-19.[2] Many thousands more were hospitalized. With the worst of COVID-19 behind us, it is easy to forget—or worse, minimize—how perilous the unchecked spread of the disease was. State and local government officials understandably were striking the balance between controlling the spread and restricting liberty much differently in 2020 and 2021 than they are now. In doing so, they of course considered advice provided by medical professionals and other experts. They presumably continue to do so now. The idea that such consultation is unnecessary or purely political—no matter which side of the scale weighs more—is counter-productive at best and dangerous at worst.

Perhaps one day we will be faced with a pandemic involving a virus that spreads as easily as COVID-19 but is much more deadly. In that event, as with any disaster, our representatives must be able to thoughtfully use all the tools at their disposal and strike an appropriate balance based on the evidence supporting both sides of the equation.

---

[2] *See* Tex. Dep't of State Health Servs., Historical Texas COVID-19 Data, available at https://www.dshs.texas.gov/covid-19-coronavirus-disease-2019/texas-covid-19-data (last visited June 28, 2023).

With these additional thoughts, I join the Court's opinion and concur in its judgment.

_____
Debra H. Lehrmann
Justice

**OPINION FILED:** June 30, 2023